**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elizabeth Margaret CHILDS, also known as Elizabeth Childs, also known as Christina Margaret Childs, also known as Elizabeth Kaufman, also known as Stephanie White, also known as Christine Elizabeth Finn, also known as Christine Childs Finn, also known as Elizabeth Margaret Kaufman, also known as Christine Finn, also known as Beth Childs, also known as Margaret Chiles, also known as Liz Chiles, also known as Nicole Childs, Defendant–Appellant.**

No. 05–30922.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided May 10, 2006.

Howard Cobb Parker, Camille Ann Domingue, Assistant U.S. Attorneys, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, for Plaintiff–Appellee.

Wayne Joseph Blanchard, Federal Public Defender's Office, Western District of Louisiana, Lafayette, LA, for Defendant–Appellant.

■■■■■■

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

Elizabeth Margaret Childs pleaded guilty to one count of bank fraud and received a sentence of 36 months in prison.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

On appeal, Childs asserts that the district court erred in imposing a two-level sentencing enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(B)(i), based on the use of fictitious account numbers on checks created by Childs. As the Government concedes, this enhancement should not have been imposed. *See United States v. Hughey,* 147 F.3d 423, 433–36 (5th Cir.1998)(excluding account numbers from the definition of "access device" under 18 U.S.C. § 1029).

Therefore, the sentence imposed by the district court is VACATED, and the case is REMANDED for further proceedings pursuant to this ruling. In light of this remand and the resulting resentencing, we decline to address Childs's assertion that the district court's upward departure from the applicable guideline range was unreasonable. *See, e.g., United States v. Southerland,* 405 F.3d 263, 270 (5th Cir.2005).

the limited circumstances set forth in 5TH CIR. R. 47.5.4.